# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CRISTIAN FERNANDO CLEMENTE-IBARRA, <br><br> Petitioner, <br><br> v. <br><br> CHAD WOLF, in his Official Capacity, Secretary, Department of Homeland Security, *et al.*, <br><br> Respondents. | Case No. 2:20-cv-00870-KJD-EJY <br><br> **ORDER** |

Petitioner Cristian Fernando Clemente-Ibarra is a native and citizen of Mexico who is currently detained pending removal proceedings by the United States Immigration and Customs Enforcement division of the Department of Homeland Security. On May 13, 2020, he filed a Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2241. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Petitioner seeks review of the of constitutional and legal issues arising from an immigration judge's bond determination. He alleges his due process rights were violated when the immigration judge improperly placed the burden of proof on him to prove that he was not a danger to the community or flight risk. Instead, Petitioner claims the Due Process Clause of the Fifth

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

Amendment requires the government carry the burden of proving dangerousness or flight risk by clear and convincing evidence. Having conducted an initial review, the Court will direct service of the petition and set briefing deadlines.

**IT IS THEREFORE ORDERED:**

1. The Clerk of Court will DELIVER the Summonses (ECF No. 4) to the United States Marshal for service along with a copy of the Petition for Writ of Habeas Corpus (ECF No. 1) and this order.

2. The Clerk of Court will SEND VIA REGISTERED OR CERTIFIED MAIL a copy of the petition, this order, and summons for the particular respondent to the following:

    a. The Hon. William Barr, Attorney General of the United States, Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530.

    b. The Hon. Chad F. Wolfe, Acting Secretary of the United States Department of Homeland Security, Washington, D.C. 20528.

    c. Kerri Ann Quihuis, Field Office Director, United States Customs and Immigration Services, 501 Las Vegas Blvd. S., Las Vegas, Nevada, 89101.

    d. Jeanne M. Kent, Officer in Charge, United States Customs and Immigration Services, 5650 Badura Ave., Suite 100, Las Vegas, Nevada, 89118.

3. The United States Marshal will SERVE a copy of the petition, summons for the United States of America, and this order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.

4. Respondents will have **21 days from the date of service** to file and serve an answer or otherwise respond to the petition.

5. If Respondents file an answer to the petition, Petitioner Cristian Fernando Clemente-Ibarra will have 14 days to file a reply. If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

6. Respondents must file all exhibits relevant to their response, including the record of the bond proceedings, in chronological order.

7. All exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as an "attachment" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

8. For this case, NO PAPER COURTESY COPIES are required.

DATED this 14 day of May 2020.

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

3